IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NANCY LOTT**     **PLAINTIFF**

**VS.**     **CIVIL NO. 2:21-CV-00025-TBM-RHWR**

**C R BARD INCORPORATED et al**     **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT for recommendation of dismissal is the Complaint filed by Plaintiff Nancy Lott. Plaintiff's counsel was allowed to withdraw on May 14, 2021, and Plaintiff has not complied with the Court's Order to either employ alternate private counsel or notify the Court of her intent to proceed pro se. Plaintiff's Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and obey Orders of the Court.

### I. BACKGROUND

Plaintiff filed her Complaint [1] against C R Bard Incorporated and Bard Peripheral Vascular Incorporated as part of multidistrict litigation on May 30, 2019. It was transferred to this Court on February 25, 2021. [5] at 1. An Order to Show Cause [13] issued on April 22, 2021, requiring Plaintiff's attorney, Robert J. Fenstersheib, to complete the pro hac vice admission process within thirty days or move to withdraw.

On May 13, 2021, a Motion to Withdraw was filed on Mr. Fenstersheib's behalf by his personal representative, who informed the Court that Mr. Fenstersheib was

tragically killed on September 9, 2020. [14] at 1. Plaintiff's personal representative, an attorney and member of Mr. Fenstersheib's law firm, averred that the firm had repeatedly, over several months, attempted to contact Plaintiff by telephone and email to advise her of Mr. Fenstersheib's passing and obtain direction regarding this case. [14] at 1. Provided with the Motion to Withdraw was a May 6, 2021, letter from the firm to Plaintiff, informing her of the Motion to Withdraw filed on Mr. Fenstersheib's behalf. [14-1]. The Motion to Withdraw indicates that Mr. Fenstersheib's law firm served the Motion upon Plaintiff both physically and electronically. [14] at 3. Plaintiff did not file a response to the Motion to Withdraw.

The Motion to Withdraw complied with the requirements of Local Uniform Civil Rule 83.1(b)(3) and was granted on May 14, 2021. The Order granting Mr. Fenstersheib's Motion to Withdraw required Plaintiff to either "(1) employ private counsel and have that counsel enter a written notice of appearance in this case, or (2) notify the Clerk of Court, in writing, that Plaintiff will be representing herself in this case." [15] at 1-2. Plaintiff's deadline to comply was June 14, 2021. The May 14, 2021, Order was mailed to Plaintiff at the address provided for her by Mr. Fenstersheib's firm and has not been returned as undeliverable.

After Plaintiff did not comply with the Court's May 14, 2021, Order, the Court issued an Order to Show Cause [16] on August 17, 2021, compelling Plaintiff to respond on or before September 3, 2021 and show cause why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to obey the Court's May 14, 2021, Order. The August 17, 2021, Order was also mailed to

Plaintiff at the address provided for her by Mr. Fenstersheib's firm and has not been returned as undeliverable.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Generally, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992).

The docket amply demonstrates a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has failed to comply with two Court Orders [15] [16].

The first Order, issued May 14, 2021, required Plaintiff's compliance by June 14, 2021, and cautioned Plaintiff that failure to prosecute or obey any order of the Court subjected this case to dismissal without prejudice under Federal Rule of Civil Procedure 41(b). [15] at 2. The second Order, issued August 17, 2021, required Plaintiff's compliance by September 3, 2021, and warned Plaintiff that if she failed to comply and show cause why this case should not be dismissed, her inaction would be deemed a purposeful delay and contumacious act warranting dismissal of this action under Federal Rule of Civil Procedure 41(b). [16] at 1-2.

Plaintiff has made no contact with the Court or taken any action in this case. The Court's attempts to prompt diligent prosecution through lesser sanctions than dismissal have proven to be futile. *See Tello v. Comm'r,* 410 F.3d 743, 744 (5th Cir. 2005). Plaintiff's Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to abide by Court Orders and prosecute her claims.

### III. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3)

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED**, this the 19th day of October, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE